UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SHAQUALE RAJAH WOODHOUSE, | ) | CASE NO. 1:06 CV 2676 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| RALPH WILLIAMS, JR., et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On November 3, 2006, plaintiff pro se Shaquale Rajah Woodhouse filed this action against his former landlords Ralph Williams, Jr. and Mattie Atkinson-Williams. In the complaint, plaintiff alleges that Mr. Williams attacked him with a tire iron and Mrs. Williams threatened him with eviction if he attempted to press criminal charges against her husband. He requests monetary relief, an order requiring Mr. Williams to attend anger management counseling and a "formal apology" from the defendants. (Compl. at 5.)

**Background**

Mr. Woodhouse claims that while he was living with the defendants at their Elyria, Ohio residence, he was assaulted by Mr. Williams. He states that he was attempting to sleep in one of the bedrooms when Mr. Williams came in and struck him on the head with a tire iron. Mr. Woodhouse claims he ran out of the house and was taken by Mattie Atkinson-Williams to the

emergency room. He contends that while in transit, Ms. Williams threatened to evict him from the home if he pressed charges against her husband. Police were nevertheless called to the hospital and took a report from Mr. Woodhouse. He indicates that criminal charges were filed against Ralph Williams, Jr. as a result of this incident.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

Mr. Woodhouse provides no indication of the basis for this court's jurisdiction. The facts alleged in the complaint do not support any readily apparent claim arising under a law of the United States. Federal question subject matter jurisdiction does not appear to be present. Furthermore, Mr. Woodhouse has not presented any facts to indicate that jurisdiction is predicated upon diversity of citizenship. Federal courts are always "under an independent obligation to examine their own jurisdiction," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231(1990) and may

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

not entertain an action over which jurisdiction is lacking. See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982). Given the most liberal construction, the complaint must be dismissed for lack of subject matter jurisdiction.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 2/9/07

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.